Judge Mills
delivered the opinion.
The present defendant in error, filed his bill in the court below, alledging that he had purchased of David M’Alexander; four hundred acres of land, on Licking, for which tie then paid the full consideration, except one hundred dollars, which he was to pav when he received a title, and which he was always, and is still, ready to pay, if the title can be obtained. That said David ^’Alexander. at the time, represented that ihejand was his father, James M’Afexan-der’s, and that he acted for his father and liad an agency for him, and made sale for his benefit. But the said David entered into an article, exhibited as part of the bill, in which he bound himself, personally, for the title. He further alledges a lota) fulure to make the title, both by father and son, on repealed applications, and prays a disclosure of title and a decree for the land, if it can be had ; if not, then a decree forthe value.
The son, in bis answer, admits the sale and reception of payment, as stated in the bill and execution of the article ; but exhibits a letter of attorney from his father — declares he made the sale as agent for his father and for his father’s benefit alone, and insists, that, if the writing hinds him personally, it was not so intended, but was so drawn by mistake of the parlies, and that fortius cause he ought not to be made liable. , He does not pretend that he is able to convey, and shews no title to fulfil his contract p but contends that the respo sibility, for the failure of the contract, ought to be laid, solely, on the shoulders of his father.
The fálher, in like manner, admits the sale and the *484 payment as alledged in the bill — declares that the sale was for his benefit, by bis son, and that the land was his. He also declares the land to be lost by a sale for taxes, and that he has no title and is wholly unable to convey, and submits to any liability which he may be under.
An agent Selling >&nds and btndi g fcimself, indi* vidually, Ns liable in a joint decree against him-seif and the principal.
.The proof shews that the son received a stud horse in pat merit for the land — kept him in service for a year and then sold him, and received the price himself.
The circuit court decreed that the contract should be set aside, and having ascertained the price of the horse paid, by the verdict of a jury, decreed that sum, with interest, to the complainant below, from the time of payment, against both of the defendants. To reverse this decree this writ of error is prosecutod
The first question presented for our decision, is, can this joint decree, against both defendants, be sustained ?
There can be no doubt that the son is completely liable to the complainant to refund the payment received. He has wholly failed to establish any mistake in drawing the writing or article, and by its terms he is expressly and legally bound, as individual and not as agent. Every expression of that instrument shews that it was his individual deed, and not that of his father.
The father, allho’ not bound by the writing, has admitted enough in his ansi er to bind him, and has decidedly and clearly assented to and acknowledged his liability .— He theref re cannot complain. Volenti non Jit injuria
In a bill like this, where a specific performance is required, and if that could not be had, then compensation, as the father had the title, and it was his land which was intended to be sold, and from him the conveyance was (o come, and the son had made the contract, and bound himself, it was, unquestionably, proper to make them both parties to the suit to obtain relief. As it has tun ed out, in the event of the cause, that both are liable, and both bound, the one by confession and the other in law and equity, could it be proper in the chancellor to dismiss the bill as to one, and bar the relief of the complainant a-gamst him, whe:: the right to that relief was unquestionable ? We conceive not, and that neither ought to be discharged from his responsibility till the demand was paid. The only remaining mode, to avoid a joint decree, was to enter a separate di cree against each, for the amount, and allow the complainant below to pursue either or both till *485 ilie demand was satisfied, if this had been doné, "We perceive no advantage resulting from it to the defendants themselves. The question oí contribution, between them, would have remained the same as under the present decree, and each would have been in as great danger as he now is. Besides, to reverse a decree because it was not so entered, would be for wan I of form merely, w hen the present decree is equally as safe for the defendants below, and equally as conscientious as several decrees, and indeed less expensive. We Cannot therefore'disturb the decree on this account. The decree, however, has given the current interest from the date of the decree till 11st* money was paid, when, if the proceedings had been liad in a court of common law, for the same demand, such interest could not have been recovered. Indeed the chancellor could only decree compensation, tp avoid multiplicity of suits, and for the purpose of finishing the whole controversy, of turning round the parties tp a court oí common law.— According to the principle adopted in the case of Samuel vs. Minter, just decided, the decree must be reversed, as to current interest only, and the court below is directed to correct the decree, so tar as to give the interest up to the dateol the decree in that court, and as to the residue the decree is affirmed, each party bearing his own costs.
⅛ chancel ior ¡n creeing m-terest> ju ge would h h®
Hardin, for defendant.